| | |
|---|---|
| Paul E. Heath (TX 09355050) | David S. Meyer (*pro hac vice* pending) |
| Garrick C. Smith (TX 24088435) | Jessica C. Peet (*pro hac vice* pending) |
| **VINSON & ELKINS LLP** | **VINSON & ELKINS LLP** |
| 2001 Ross Avenue, Suite 3900 | 666 Fifth Avenue, 26th Floor |
| Dallas, TX 75201 | New York, NY 10103-0040 |
| Tel: 214.220.7700 | Tel: 212.237.0000 |
| Fax: 214.999.7787 | Fax: 212.237.0100 |
| Email: pheath@velaw.com | Email: dmeyer@velaw.com |
| Email: gsmith@velaw.com | Email: jpeet@velaw.com |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § § § § § § | **Case No. 18-33681** <br><br> **(Chapter 11)** |
| **CBI Restaurants, Inc.,** | | |
| Debtor. | | |
| **Tax I.D. No. 33-0723490** | | |
| **In re:** | § § § § § § § § | **Case No. 18-33682** <br><br> **(Chapter 11)** |
| **Taco Bueno Equipment Company,** | | |
| Debtor. | | |
| **Tax I.D. No. 75-1510677** | | |
| **In re:** | § § § § § § § § | **Case No. 18-33683** <br><br> **(Chapter 11)** |
| **Taco Bueno Franchise Company L.P.,** | | |
| Debtor. | | |
| **Tax I.D. No. 68-0602397** | | |
| **In re:** | § § § § § § § § | **Case No. 18-33678** <br><br> **(Chapter 11)** |
| **Taco Bueno Restaurants, Inc.,** | | |
| Debtor. | | |
| **Tax I.D. No. 20-0088214** | | |

1

US 5808062

| | | |
|---|---|---|
| **In re:** | § § § § § § § § | **Case No. 18-33679**<br><br>**(Chapter 11)** |
| **Taco Bueno Restaurants L.P.,** | | |
| Debtor. | | |
| **Tax I.D. No. 75-2426189** | | |
| **In re:** | § § § § § § § § | **Case No. 18-33684**<br><br>**(Chapter 11)** |
| **Taco Bueno West, Inc.,** | | |
| Debtor. | | |
| **Tax I.D. No. 75-2426200** | | |
| **In re:** | § § § § § § § § | **Case No. 18-33680**<br><br>**(Chapter 11)** |
| **TB Corp.,** | | |
| Debtor. | | |
| **Tax I.D. No. 52-2318535** | | |
| **In re:** | § § § § § § § § | **Case No. 18-33685**<br><br>**(Chapter 11)** |
| **TB Holdings II, Inc.,** | | |
| Debtor. | | |
| **Tax I.D. No. 30-0327703** | | |
| **In re:** | § § § § § § § § | **Case No. 18-33686**<br><br>**(Chapter 11)** |
| **TB Holdings II Parent, Inc.,** | | |
| Debtor. | | |
| **Tax I.D. No. 47-5373347** | | |

| | |
|---|---|
| **In re:** § | |
| § | **Case No. 18-33687** |
| **TB Kansas LLC,** § | |
| § | **(Chapter 11)** |
| Debtor. § | |
| § | |
| **Tax I.D. No. 90-0806158** § | |
| § | |

**MOTION FOR ENTRY OF AN ORDER (I) DIRECTING
JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES PURSUANT
TO BANKRUPTCY RULE 1015(b); AND (II) WAIVING THE REQUIREMENTS OF
BANKRUPTCY CODE SECTION 342(c)(1) AND BANKRUPTCY RULES 1005 and 2002(n)**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The above-referenced debtors and debtors in possession (each a "*Debtor*" and collectively, the "*Debtors*") file this *Motion for Entry of an Order Directing (I) Joint Administration of the Debtors' Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b); and (II) Waiving the Requirements of Bankruptcy Code Section 342(c)(1) and Bankruptcy Rules 1005 and 2002(n)* (the "*Motion*") and in support respectfully submit the following:

**JURISDICTION AND VENUE**

1.     The United States Bankruptcy Court for the Northern District of Texas (the "*Court*") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 105(a) and 342(c)(1) of title 11 of the United States Code (the "*Bankruptcy Code*"), rules 1005, 1015(b) and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and rule 1015-1 of the Local Bankruptcy Rules for the Northern District of Texas (the "*Local Rules*").

3

## BACKGROUND

4. On November 6, 2018 (the "*Petition Date*"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and commenced these chapter 11 cases. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no request for the appointment of a trustee or examiner has been made and no official committee of unsecured creditors has been appointed in these chapter 11 cases.

5. Additional information regarding the Debtors and these chapter 11 cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these chapter 11 cases, is set forth in the *Declaration of Haywood Miller in Support of Chapter 11 Petitions and First Day Pleadings* (the "*First Day Declaration*"),[1] filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

6. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, consolidating the administration of these chapter 11 cases for procedural purposes only as follows:

  i. the Office of the United States Trustee for the Northern District of Texas (the "*U.S. Trustee*") shall conduct joint informal meetings with the Debtors, as required, and, unless otherwise directed by the Court, a joint first meeting of creditors;

  ii. one plan and disclosure statement may be filed for all of the Debtors by any plan proponent; however, substantive consolidation of the Debtors' estates is not being requested at this time;

  iii. unless otherwise required by the Court, each Debtor will file separate schedules of assets and liabilities and statements of financial affairs, and, as applicable, lists of equity security holders;

---

[1] Capitalized terms used but not otherwise defined herein are used as defined in the First Day Declaration.

  iv.  proofs of claim filed by creditors of any Debtor shall reflect the caption and case number of the Debtor to which the claim relates and in which chapter 11 case such claim is to be filed; and

  v.  a separate claims register shall be maintained for each Debtor.

7. The Debtors also seek authority to file their monthly operating reports required by the U.S. Trustee by consolidating the information required for each debtor in one report that tracks and breaks out all of the specific information (*e.g.,* receipts, disbursements, etc.) on a Debtor-by-Debtor basis in each monthly operating report.

8. The Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the case of Taco Bueno Restaurants, Inc. and that the Court administer these chapter 11 cases under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| **In re:** | § | |
|---|---|---|
| | § | **Case No. 18-33678** |
| **Taco Bueno Restaurants, Inc.,** *et al.***,** | § | |
| | § | **(Chapter 11)** |
|  Debtors. | § | |
| | § | **(Jointly Administered)** |
| | § | |
| | § | |

9. The Debtors also request that a notation substantially similar to the following be entered on each of the Debtors' respective dockets to reflect the joint administration of these chapter 11 cases:

> An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas directing the joint administration of the chapter 11 cases of CBI Restaurants, Inc., Taco Bueno Equipment Company, Taco Bueno Franchise Company L.P., Taco Bueno Restaurants, Inc., Taco Bueno Restaurants L.P., Taco Bueno West, Inc., TB Corp., TB Holdings II, Inc., TB Holdings

II Parent Inc., and TB Kansas LLC.  The docket in Case No. 18-33678 should be consulted for all matters affecting the case.  **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 18-33678.**

10. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

## BASIS FOR RELIEF

11. Bankruptcy Rule 1015(b) provides for the joint administration of cases involving a debtor and its affiliates that are pending before the same court.  FED. R. BANKR. P. 1015(b).  An "affiliate" is an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ."  11 U.S.C. § 101(2).  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.  Bankruptcy Local Rule 1015-1 further provides for the joint administration of related chapter 11 cases.

12. The Debtors anticipate that notices, applications, motions, other pleadings, hearings, and orders in these chapter 11 cases may affect all of the Debtors.  If each Debtor's case were administered independently, there would be a number of duplicative pleadings and overlapping service.  This unnecessary duplication of identical documents would be wasteful of the resources of the Debtors' estates, as well as the resources of this Court and of other parties in interest.

13. Joint administration will permit the Clerk of the Court to use a single general docket for all of the Debtors' chapter 11 cases and to combine notices to creditors and other parties in interest by ensuring that all parties in interest will be able to review one docket to stay apprised of the various matters before the Court regarding all of the Debtors' chapter 11 cases.  Moreover, supervision of the administrative aspects of the Debtors' chapter 11 cases by the U.S. Trustee will

be simplified. Therefore, joint administration will promote the economical and efficient administration of the Debtors' estates to the benefit of the Debtors, their creditors, the U.S. Trustee, and the Court.

14. Joint administration will not give rise to any conflict of interest among the Debtors' estates. The rights of the Debtors' respective creditors will not be adversely affected by the proposed joint administration because the Debtors will continue as separate and distinct legal entities, will continue to maintain separate books and records, and will provide information as required in the consolidated monthly operating reports on a Debtor-by-Debtor basis. Each creditor may file a proof of claim against the applicable estate in which it allegedly has a claim or interest and will retain whatever claims or interests it has against the particular estate. The recoveries of all creditors will be enhanced by the reduction in costs resulting from joint administration of the Debtors' chapter 11 cases. The Court will also be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files.

15. No administrative or scheduling orders previously entered in these chapter 11 cases will require modification if this Motion is granted. Mailing lists in each of these chapter 11 cases will be consolidated for future noticing requirements.

## **NOTICE**

16. Notice of this Motion has been provided by delivery to: (a) the Office of the United States Trustee for the Northern District of Texas; (b) the Debtors' 30 largest unsecured creditors (on a consolidated basis); (c) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002; (d) the Internal Revenue Service; (e) all other applicable government agencies to the extent required by the Bankruptcy Rules or the Local Rules; (f) the administrative agent under the Debtors' prepetition secured credit agreement; and

(g) Scheef & Stone LLP, as counsel to the administrative agent under the Debtors' prepetition secured credit agreement.

17. In light of the nature of the relief requested in this Motion, the Debtors submit that no further notice is necessary.

## **NO PRIOR REQUEST**

18. No prior motion for the relief requested herein has been made to this Court or any other court.

## **PRAYER**

The Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, and grant such other and further relief to which the Debtors may be justly entitled.

Dated: November 6, 2018
Dallas, Texas

By: **VINSON & ELKINS LLP**

*/s/ Paul E. Heath*
Paul E. Heath (TX 09355050)
Garrick C. Smith (TX 24088435)
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel:  214.220.7700
Fax: 214.999.7787
pheath@velaw.com; gsmith@velaw.com

- and -

David S. Meyer (*pro hac vice* pending)
Jessica C. Peet (*pro hac vice* pending)
666 Fifth Avenue, 26th Floor
New York, NY 10103-0040
Tel:  212.237.0000
Fax: 212.237.0100
dmeyer@velaw.com; jpeet@velaw.com

**PROPOSED COUNSEL FOR THE DEBTORS**

US 5808062

## **CERTIFICATE OF SERVICE**

      I certify that on November 6, 2018, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

                                                 */s/ Paul E. Heath*
                                                 One of Counsel

US 5808062

# **Exhibit A**

## **Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § § | **Case No. 18-33681** |
| **CBI Restaurants, Inc.,** | § § | **(Chapter 11)** |
| Debtor. | § § | |
| **Tax I.D. No. 33-0723490** | § § | |
| **In re:** | § § | **Case No. 18-33682** |
| **Taco Bueno Equipment Company,** | § § | **(Chapter 11)** |
| Debtor. | § § | |
| **Tax I.D. No. 75-1510677** | § § | |
| **In re:** | § § | **Case No. 18-33683** |
| **Taco Bueno Franchise Company L.P.,** | § § | **(Chapter 11)** |
| Debtor. | § § | |
| **Tax I.D. No. 68-0602397** | § § | |

1

2

| | |
|---|---|
| **In re:** § § **Case No. 18-33678** § **Taco Bueno Restaurants, Inc.,** § § **(Chapter 11)** **Debtor.** § § § **Tax I.D. No. 20-0088214** § § | |
| **In re:** § § **Case No. 18-33679** § **Taco Bueno Restaurants L.P.,** § § **(Chapter 11)** **Debtor.** § § § **Tax I.D. No. 75-2426189** § § | |
| **In re:** § § **Case No. 18-33684** § **Taco Bueno West, Inc.,** § § **(Chapter 11)** **Debtor.** § § § **Tax I.D. No. 75-2426200** § § | |
| **In re:** § § **Case No. 18-33680** § **TB Corp.,** § § **(Chapter 11)** **Debtor.** § § § **Tax I.D. No. 52-2318535** § § | |
| **In re:** § § **Case No. 18-33685** § **TB Holdings II, Inc.,** § § **(Chapter 11)** **Debtor.** § § § **Tax I.D. No. 30-0327703** § § | |

3

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 18-33686** |
| **TB Holdings II Parent, Inc.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |
| | § | |
| **Tax I.D. No. 47-5373347** | § | |
| | § | |
| **In re:** | § | |
| | § | **Case No. 18-33687** |
| **TB Kansas LLC,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |
| | § | |
| **Tax I.D. No. 90-0806158** | § | |
| | § | |

3

**ORDER DIRECTING JOINT
ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

Upon the motion (the "*Motion*")[1] filed by the above-referenced debtors and debtors in possession (each a "*Debtor*" and collectively, the "*Debtors*") for entry of an order (the "*Order*") consolidating the administration of these chapter 11 cases for procedural purposes only, all as more fully set forth in the Motion; and the First Day Declaration; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and equity security holders; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1.    The Motion is **GRANTED** as set forth herein.

2.    The above-captioned Cases shall be consolidated for procedural purposes only and shall be jointly administered under the case number assigned to Taco Bueno Restaurants, Inc. Case No. 18-33678 (the "*Lead Case*").

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

3. One disclosure statement and chapter 11 plan may be filed for all of these chapter 11 cases by any plan proponent; however, substantive consolidation of the Debtors' estates is not being requested at this time.

4. Case Nos. 18-33678 through 18-33687 shall be transferred to Judge Jernigan, who has been assigned the Lead Case.

5. Parties may request joint hearings on matters pending in any of the jointly administered cases.

6. The U.S. Trustee shall conduct joint informal meetings with the Debtors, as required, and, to the extent required, a joint first meeting of creditors.

7. Unless otherwise required by the Court, each Debtor will file separate schedules of assets and liabilities and statements of financial affairs, and, as applicable, lists of equity security holders.

8. Proofs of claim filed by creditors of any Debtor shall reflect the caption and case number of the Debtor to which the claim relates and in which chapter 11 case such claim is to be filed.

9. A separate claims register shall be maintained for each Debtor.

10. The Debtors shall file their monthly operating reports required by the U.S. Trustee by consolidating the information required for each debtor in one report that tracks and breaks out all of the specific information (*e.g.,* receipts, disbursements, etc.) on a Debtor-by-Debtor basis in each monthly operating report.

11. The Court shall maintain one file and one docket for all of the jointly administered cases under the Lead Case and administer these chapter 11 cases under a consolidated caption, as follows:

5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | Case No. 18-33678 |
| **Taco Bueno Restaurants, Inc.,** *et al.*, | § | |
| | § | (Chapter 11) |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |
| | § | |

12.     The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

13.     A notation substantially similar to the following shall be entered on each of the Debtors' respective dockets to reflect the joint administration of these chapter 11 cases:

> An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas directing the joint administration of the chapter 11 cases of CBI Restaurants, Inc., Taco Bueno Equipment Company, Taco Bueno Franchise Company L.P., Taco Bueno Restaurants, Inc., Taco Bueno Restaurants L.P., Taco Bueno West, Inc., TB Corp., TB Holdings II, Inc., TB Holdings II Parent Inc., and TB Kansas LLC. The docket in Case No. 18-33678 should be consulted for all matters affecting the case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 18-33678.**

14.     The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Northern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

15.     Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases, *provided,*

6

US 5808062

*however*, this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

17. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # END OF ORDER # # #

Submitted by:

**VINSON & ELKINS LLP**

*/s/ Paul E. Heath*_____
Paul E. Heath (TX 09355050)
Garrick C. Smith (TX 24088435)
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.999.7787
pheath@velaw.com; gsmith@velaw.com

- and -

David S. Meyer (*pro hac vice* pending)
Jessica C. Peet (*pro hac vice* pending)
666 Fifth Avenue, 26th Floor
New York, NY 10103-0040
Tel: 212.237.0000
Fax: 212.237.0100
dmeyer@velaw.com; jpeet@velaw.com

**PROPOSED COUNSEL FOR THE DEBTORS**

US 5808062